IN THE COURT OF CHANCERY OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| TEAMSTERS LOCAL 443 HEALTH SERVICES & INSURANCE PLAN, ST. PAUL ELECTRICAL CONSTRUCTION PENSION PLAN, ST. PAUL ELECTRICAL CONSTRUCTION WORKERS SUPPLEMENTAL PENSION PLAN (2014 RESTATEMENT), RETIREMENT MEDICAL FUNDING PLAN FOR THE ST. PAUL ELECTRICAL WORKERS, and SAN ANTONIO FIRE & POLICE PENSION FUND, | ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | C.A. No. 2019-0816-SG |
| v. | ) ) | |
| JOHN G. CHOU, STEVEN H. COLLIS, RICHARD W. GOCHNAUER, LON R. GREENBERG, TIM G. GUTTMAN, JANE E. HENNEY, M.D., KATHLEEN W. HYLE, MICHAEL J. LONG, and HENRY W. MCGEE, | ) ) ) ) ) ) ) | |
| Defendants, | ) ) | |
| –and– | ) ) | |
| AMERISOURCEBERGEN CORPORATION, | ) ) ) | |
| Nominal Defendant. | ) ) | |

**[PROPOSED] ORDER UNDER DELAWARE RULE OF EVIDENCE 510(f) AND PERMITTING CONFIDENTIAL FILING**

WHEREAS, the Court has granted the Motion for Entry of Order Under Delaware Rule of Evidence 510(f) and Permitting Confidential Filing submitted by the Special Litigation Committee of AmerisourceBergen Corporation (the "SLC") and Nominal Defendant AmerisourceBergen Corporation (the "Company").

IT IS HEREBY ORDERED, this 17th day of September, 2021, that:

1.      This Order (the "510(f) Order") shall govern the treatment, use, and effect of the Report of the Special Litigation Committee of AmerisourceBergen Corporation (the "Report").

2.      The SLC may disclose the Report pursuant and subject to the provisions of this 510(f) Order by designating it as "510(f) Material." The SLC may distribute the Report to the parties by filing the Report as a Confidential Filing (as defined in Rule 5.1) and designating the Report as 510(f) Material.

3.      Following the issuance of the Report, the parties will meet and confer with respect to how to address any Company Privileged Information in connection with any subsequent submissions to the Court that require Court action, including but not limited to in connection with any briefing.

4.      Under Delaware Rule of Evidence 510(f), the SLC's disclosure of the Report will not constitute a waiver of, or estoppel to, any claim of attorney-client, work product, or other applicable privilege or immunity that may apply as to any documents or testimony in this or any other proceeding. The Company and the

SLC reserve the right to assert attorney-client, work product, or any other applicable privilege or immunity over the Report, the documents referenced in the report, or discovery sought related to the Report.

5.      Nothing herein requires any Party to disclose or produce documents pursuant to this 510(f) Order.

6.      Nothing herein precludes the SLC from taking any actions the SLC may deem appropriate regarding material that is privileged as to the SLC.

7.      This Order shall terminate in thirty days, absent further order of the Court.

*/s/ Vice Chancellor Sam Glasscock III*

Vice Chancellor Sam Glasscock III